UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:
**09-62004-CV-ZLOCH/ROSENBAUM**

EL TALLA TRADING, INC.,
A Florida corporation,

    Plaintiff,

v.

SANDHILLS PUBLISHING COMPANY,
D/B/A MACHINERY TRADER,
A Nebraska corporation,

    Defendant.
_____/

## ORIGINAL COMPLAINT

Plaintiff, EL TALLA TRADING, INC., a Florida Corporation ("El Talla"), through its undersigned retained attorneys, sues Defendant, SANDHILLS PUBLISHING COMPANY, ("Machinery Trader") a Nebraska corporation, and alleges:

### JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332.

2. Plaintiff is a Florida corporation with its primary place of business in Broward County, Florida.

3. Defendant is a Nebraska corporation with its primary place of business in Lincoln, Nebraska.

4. The amount in controversy is in excess of $75,000.

5. Venue is proper for the United States District Court for the Southern District of Florida because a substantial portion of the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

1

## **STATEMENT OF FACTS**

6. El Talla is a family owned company based in Miramar, Florida.

7. Sandhills Publishing Companies ("Machinery Trader") is a Lincoln, Nebraska based publisher. Machinery Trader is a publication put out by Sandhills Publishing Companies that produces a publication and a website which advertises heavy equipment for sale.

8. Mahmoud El-Talla ("Mahmoud") is Vice President of El Talla. Mahmoud is responsible for it's business exportations and conducts business from Miramar, Florida.

9. For over than one year, El Talla used Machinery Trader's publication and website to find equipment for export to Egypt.

10. In October 2009 Mahmoud saw internet advertisements in Machinery Trader for equipment being sold by MSR International Trading Company ("MSR"). Mahmoud contacted an individual named Sidney Vincent at MSR and negotiated the purchase of several pieces of large machinery.

11. Prior to purchasing the machinery, Mahmoud contacted Machinery Trader by telephone to determine whether MSR was a legitimate company.

12. When Mahmoud called Machinery Trader he asked to speak to the representative handling MSR's advertisements. The receptionist directed Mahmoud to a MSR employee named Shane.

13. Mahmoud told Shane he was interested in buying equipment from MSR.

14. Mahmoud then asked Shane whether MSR was "legit."

15. Shane then said, "Yes, they are very legit."

2

16. Based on Machinery Trader's representation, El Talla wired one-hundred and eight thousand eight hundred and eighty dollars ($108,880) to MSR for three pieces of heavy machinery.

17. Mahmoud attempted to contact MSR to coordinate delivery of the machinery.

18. Mahmoud could not reach any person at MSR after the wire transfer for $108,880 cleared.

19. Mahmoud contacted law enforcement authorities in both Canada and the United States.

20. Mahmoud then determined MSR was not a legitimate company.

21. El Talla has been unable to recover its $108,880 from MSR because MSR is not a legitimate company.

## COUNT I

## NEGLIGENT MISREPRESENTATION

22. Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 21 as though fully set forth herein.

23. Machinery Trader stated a material fact which it believed to be true but was in fact false, to wit, that MSR was a legitimate company when in fact it was not, thereby leading Mahmoud to believe that MSR was a legitimate company, when in fact it was not.

24. Machinery Trader acted negligently because it should have known that MSR was not a legitimate company.

25. In making the statement Machinery Trader intended or expected that El Talla would rely on the statement.

26. El Talla justifiably relied on Machinery Trader's false statement.

27. El Talla suffered loss as a result of its reliance upon Machinery Trader's statement.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all money sent to MSR based upon Machinery Trader's misrepresentations, the profits Plaintiff should have realized for the machinery transactions, pre-judgment interest, post judgment interest, and any further relief that the Court deems appropriate.

## COUNT II

## FRAUDULENT MISREPRESENTATION

28. Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 21 as though fully set forth herein.

29. Machinery Trader intentionally represented that MSR was a legitimate company when in fact it was not.

30. Machinery Trader knew the statement that MSR was a legitimate was false when it made the statement.

31. Alternatively, Machinery Trader knew that it was without knowledge of whether MSR was a legitimate company, thereby making the statement without knowledge of its truth or falsity.

32. Machinery Trader intended that El Talla would rely on Machinery Trader's false statement.

33. El Talla relied upon Machinery Trader's false statement in deciding whether to transact business with MSR.

34. El Talla suffered loss as a result of it's reliance upon the statement.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all money sent to MSR based upon Machinery Trader's misrepresentations, the profits Plaintiff

4

should have realized for the machinery transactions, punitive damages, pre-judgment interest for lost money and profits, post judgment interest, and any further relief that the Court deems appropriate.

Plaintiff hereby demands a trial by jury for all counts.

Dated: 12-22-2009

ATTORNEYS FOR PLAINTIFFS

John J. Hanson, P.A.
320 Southeast Tenth Court
Fort Lauderdale, Florida 33316
Phone:      (954) 514-9292
Facsimile:  (954) 514-9293

BY: _____
John J. Hanson
Fla. Bar No. 658529
*EMAIL: jjhanson@me.com*

ROBERT W. STICKNEY, P.A.
One Financial Plaza
100 S.E. 3rd Avenue, Suite 2510
Fort Lauderale, Florida   33394
Phone:      (954) 767-8908
Facsimile:  (954) 767-8938

BY: _____
Robert W. Stickney, Esq.
Fla. Bar No. 883130
Email: rwstickney@yahoo.com

6

**09-62004-CV-ZLOCH/ROSENBAUM**

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

Dec. 22, 2009

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
El Talla Trading, Inc

## DEFENDANTS
Sandhills Publishing Company

(b) County of Residence of First Listed Plaintiff: **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Lancaster**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

John J. Hanson, P.A., 320 SE 10th Court, Fort Lauderdale FL 33316
Telephone 954-514-9292

Attorneys (If Known)

09cv62004-WJZ/RSR

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  - Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE                                DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. § 1332. This is a diversity case arising out of fraudulent and negligent misrepresentation.

LENGTH OF TRIAL via **3** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

DATE: 12-22-2009

FOR OFFICE USE ONLY
AMOUNT        RECEIPT #         IFP

548376